*Compiler of Law / Law Library*

FILED
SUPERIOR COURT
OF GUAM

2009 MAY 14 AM 9: 43

CLERK OF COURT

BY:

## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,                )
                                   )
                vs.                )    **CRIMINAL CASE NO. CM0622-08**
                                   )
JACOB VICENTE JAMES MENO,          )    **DECISION AND ORDER**
                                   )
                Defendant.         )
_____)

## INTRODUCTION

This matter came before the Honorable Judge Steven S. Unpingco on the Defendant's Motion to Suppress Evidence, filed February 24, 2009. Oral arguments were heard on March 16, 2009. Assistant Attorney General Jonathan R. Luke appeared on behalf of the Government and Assistant Public Defender Jane L. Kennedy appeared on behalf of the Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

The Defendant is charged with resisting arrest as a misdemeanor in violation of 9 GCA § 55.35. On August 13, 2008, police officers entered the Defendant's home in response to a 911 phone call for a barricaded suspect with two hostages and a gun. *See* Testimony of Officer Babauta. The Defendant was fighting with his wife and step-daughter when his 11 year-old step-son alerted another family member who then called the police. *See* Id.

Officer Babauta responded to the dispatch call and met the 11 year-old step-son on the street in the vicinity of the Defendant's home. *See* Id. The 11 year-old confirmed that his mother and sister were fighting with the Defendant in his house and that the Defendant had a gun. *See* Id. The step-son appeared quite frightened and Officer Babauta had the distinct impression that something bad was going to happen "real soon." *See* Id.

After discovering which home on the premises was occupied by the Defendant, Officer Babauta found the front door ajar. *See* Id. Officer Babauta could hear voices yelling, but could not see anyone in the room inside the open front door, so he walked around the house in order to

Page 1 of 4

locate where the yelling was coming from within the home. *See* Id. At this point, the Officer could tell from the screaming and yelling that he faced a domestic dispute with a possible gun involved. *See* Id.

Officer Babauta then entered the front door of the home with fellow officers and his gun drawn. The Defendant's father accompanied the officers in order to calm and coax the Defendant outside. *See* Id. The Defendant was located inside an enclosed bedroom, and when his father persuaded him to open the door, the officers entered the bedroom. *See* Id. The officers identified a rifle in the bedroom, and as they asked the Defendant if he possessed identification for the firearm, the Defendant's wife and step-daughter ran out of the bedroom. *See* Id. The Defendant was then arrested. *See* Id.

The Defendant moves to suppress all evidence obtained inside the home on the grounds that: 1) the Police did not have probable cause to enter the Defendant's home based upon an untested 11 year-old informant; and 2) the Police violated the knock-and-announce rule of 8 GCA § 20.50(a) before entering the Defendant's home. The Government opposes on the basis that: 1) the informant was reliable and corroborated with evidence; and 2) the exigent circumstances of the warrantless entry excuse any violation of the knock-and-announce rule.

## DISCUSSION

Under the Fourth Amendment of the U.S. Constitution, the police cannot conduct a search without first obtaining a search warrant based upon probable cause from personal knowledge or from an informant. *See* Steagald v. U.S., 451 U.S. 204; 101 S.Ct. 1642; 68 L.Ed.2d 38 (1981). Without a warrant, a search is per se unreasonable and unconstitutional. *See* Katz v. U.S., 389 U.S. 347; 88 S.Ct. 507; 19 L.Ed.2d 576 (1967). However, a search warrant is not required to make an entrance when the police, "reasonably believe that a person within is in the need of immediate aid." *See* Mincey v. Arizona, 437 U.S. 385, 392; 98 S.Ct. 2408; 57 L.Ed.2d 290 (1978) (citing 17 "numerous state and federal cases"). A warrant is not required because, "The need to protect or preserve life or avoid serious injury is justification for what would be otherwise illegal absent an exigency or emergency." *See* Id at 392 *citing* Wayne v. United States, 115 U.S.App.D.C. 234, 241 (1963).

In this case, the Police entered the Defendant's home without a warrant in order to locate the Defendant. This entrance was per se unreasonable. *See* Katz, 389 U.S. 347. The Defendant contends that the Police lacked the probable cause to enter his home because the 11 year-old informant was untested and because the Police did not obtain any corroborating information of a crime. However, these elements of probable cause are only necessary to obtain a search warrant. The Police did not obtain a search warrant in this case and the Defendant's arguments do not apply because the search is per se unreasonable. The Government argues that the exigent circumstances of the search excuse its unreasonableness. The Court agrees. The Police corroborated 911 allegations of a hostage situation with their own perception of the fear of the informant at the scene and the intensity of the Defendant's voice inside the house. Although the Police did not corroborate the existence of a gun, Officer Babauta understood that he was facing a domestic dispute that could involve a gun and that something bad could happen "real soon." *See* Testimony of Officer Babauta. Under these circumstances, the Police reasonably believed that the persons inside the home were in need of immediate aid in order to avoid lethal violence. Under Mincey, 437 U.S. 385, the entrance into the Defendant's home is justified by the Officers' reasonable belief of the immediate need to protect and preserve life. For these reasons, the Police search was reasonable under the exigent circumstances, and any evidence from the search shall not be suppressed.

Under 8 GCA § 20.50(a), also known as a "knock-and-announce" rule, the Police may break open the doors and windows of a house in order to make an arrest only if they are refused admittance after giving notice of their authority and purpose. Under the Fourth Amendment, violations of a knock-and-announce rule do not invoke the fruit of the poisonous tree doctrine and cannot be used to exclude evidence on the basis that it was unlawfully seized. *See* Hudson v. Michigan, 547 U.S. 586; 126 S.Ct. 2159; 165 L.Ed.2d 56 (2006). The U.S. Supreme Court explains that the knock-and-announce doctrine only protects the rights to life, limb, property and privacy against sudden, forced entry. *See* Id at 594. When these interests have nothing to do with the seizure of evidence in a case, the exclusionary rule is inapplicable. *See* Id.

In this case, the Police entered the Defendant's home through an ajar front door without first notifying the occupants of their authority and purpose in violation of 8 GCA § 20.50(a).

The Police observed that the room inside the front door was vacant. The Police entered the front door and traced the noise of the argument to an enclosed bedroom. The Defendant later opened his bedroom door in order to address his father and the Police. During the sudden entrance through the front door, the Police did not harm any life, limb, property or privacy of the Defendant because he was not in the vicinity of the front door and because the door was ajar. For this reason, the Defendant's Fourth Amendment interests were not harmed by the violation of 8 GCA § 20.50(a) and the exclusionary rule is inapplicable under the analysis of <u>Hudson</u>, 547 U.S. 586 (2006). Therefore any evidence seized inside the Defendant's home shall not be subject to suppression.

///

///

///

## CONCLUSION

Based upon the foregoing, the Defendant's Motion to Suppress Evidence is hereby DENIED.

**SO ORDERED this 14th day of May, 2009.**

Original Signed By;
HON. STEVEN S. UNPINGCO

**HONORABLE STEVEN S. UNPINGCO**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

MAY 1 4 2009

Evelyn P. Borja
Deputy Clerk, Superior Court of Guam